THE INDEPENDENT SCHOOL DISTRICT OF STUART, IOWA, Appellee, v. C. W. CARTER and FLORA CARTER, Appellants.

SCHOOLS AND SCHOOL DISTRICTS: Statutory Construction— "Offer of High School Course"—Tuition. A school corporation of a county maintaining a county high school under Ch. 12, Title 13, of the Code, with a four-year course, being as a matter of law a part of the county high-school scheme, is "offering a four-year high-school course" within the meaning of Ch. 146, Acts 34 G. A. (Sec. 2733-1a, Sup. Code, 1913), and is not liable for the tuition of pupils residing therein while attending high school outside of their district and not in the county high school. The parents of such children are liable to the school corporation where such children attend for the tuition of such children.

*Appeal from Guthrie District Court.*—HON. LORIN N. HAYS, Judge.

TUESDAY, JANUARY 12, 1915.

ACTION to recover tuition for defendants' children while

attending plaintiff's high school resulted in judgment as prayed. The defendants appeal.—*Affirmed.*

*F. O. Hinkson,* for appellants.

*Carl P. Knox,* for appellee.

LADD, J.—The plaintiff district maintains a high school in Stuart with a four-year course of studies. The defendants, who are husband and wife, reside in the adjoining district, known as the Rural Independent School District of Long Branch, which does not maintain a four years' high school course within its territorial limits. Four of defendants' children attended plaintiff's high school, about two miles from their home, Earl and Lorena Carter, during the school year beginning in the fall of 1911, and Lorena, Weir and Marie Carter, the year following. All were of school age and had completed the course of study taught within the district of their residence. For the first year, the secretary of the Rural Independent School District of Long Branch furnished certificates as to age and residence, but for the second year, both he and the president thereof declined to do so, but the children were admitted to the plaintiff's school without objection. Prior to the fall of 1911, defendants had paid the tuition of Earl and Lorena according to plaintiff's rules, but none was demanded thereafter until May, 1913, and the defendants supposed that payment was to be made by the district of their residence, under Chapter 146 of the Acts of the Thirty-fourth General Assembly. For the year beginning in the fall of 1911, a statement of the amount owing for tuition was sent by plaintiff to the secretary of the Rural Independent School District of Long Branch and as payment was refused, it certified the amount due to the county auditor, who refused to draw an order on the county treasurer, and the tuition for neither year has been paid. The reasonableness thereof was not questioned, the sole ground for the refusal by the officers

1. SCHOOLS AND SCHOOL DISTRICTS: statutory construction: "offer of high-school course": tuition.

of the district and of the county auditor being that a county high school had been established and was being maintained in Guthrie County under Chapter 12 of Title XIII of the Code, as amended. This school furnished a four-year high school course, was situated thirteen miles from defendants' home, and had a daily attendance of 160 pupils. Privileges of attendance were apportioned to the several school districts of the county at the ratio of one for every seventeen pupils of school age. This gave to the Rural Independent School District of Long Branch the right to free tuition for two pupils, but none from that district attended. Such were the facts as stipulated by the parties and upon which the district court based its judgment against the defendants for the tuition of their children in plaintiff's school. That plaintiff is entitled to recover for such tuition from someone, and that but for Chapter 146 of the Acts of the Thirty-fourth General Assembly it would be chargeable to the defendants, is not questioned. Prior to the enactment of this chapter, the benefits of such an education as the high school affords were not equally available to all children of school age. Those not residing within districts maintaining a high school and not in a county having a county high school were not entitled to the privileges thereof without payment of such tuition as might be exacted, while residents of such a county or of a district maintaining a high school might attend gratuitously. To obviate this discrimination and to open the door of opportunity to the advantages of a four years' high school course to all children of school age on equal terms, as nearly as possible, and to compel taxpayers, who would otherwise avoid, to bear the burden of affording such opportunity to the children of their locality, the chapter mentioned was enacted.

"Any person of school age, who is a resident of a school corporation not offering a four-year high school course, and who has completed the course of study offered in such school corporation shall be permitted to attend any high school that will receive him, provided the average cost of tuition allowed

shall not exceed the average cost of tuition in the nearest high school, under the conditions and provisions of section two (2) of this act.'' (Sec. 1, Ch. 146, 34 G. A.).

The second section relates to admission to the high school and is not involved here.

''Sec. 3. The school corporation in which such student resides shall pay to the treasurer of the school corporation in which such student shall be permitted to enter, a tuition fee equal to the average cost of tuition and the average proportion of contingent expenses in the high school department in the latter corporation during the time he so attends, not exceeding, however, a total period of four (4) school years. Such payment to be made out of the teachers fund and contingent fund of the debtor corporation.

''Sec. 4. If payment is refused or neglected the board of the creditor corporation shall file with the auditor of the county of the pupil's residence a statement certified by its president specifying the amount due for tuition and for contingent expenses respectively, and the time for which the same is claimed; and the auditor shall transmit to the county treasurer an order directing such treasurer to transfer the amount of such account from the debtor corporation to the creditor corporation, and the treasurer shall pay the same out in accordance therewith.''

Plainly enough, the school corporations which are to pay tuition are those furnishing schooling only preliminary to and but a part, if any, of a full high school course,—such corporations as are, or have been, organized under Chapter 14 of Title 13 of the Code,—and the controlling question is whether the Rural Independent School District of Long Branch actually ''offered a four-year high school course.'' There was no school within its limits where other than the common school branches of learning were taught. The most done was to prepare for entrance into the high school. This, however, was

not enough to put it in the class of corporations intended, for the district might offer the advantages of a high school course without maintaining a high school within the district. This is precisely what each school corporation of Guthrie County did. A county high school with a four-year course had been established under Chapter 12 of Title XIII of the Code at Panora many years previous and was maintained during the period involved in this action from taxes levied on all the taxable property of the county. It was established by a vote of the electors of the county and managed by six trustees appointed by the board of supervisors. Section 2732 of Code Supplement provides that "The principal of any such high school, with the approval of the board of trustees, shall make such rules and regulations as is deemed proper in regard to the studies, conduct and government of the pupils, and such rules and regulations shall prohibit the use of tobacco in any form by any student of such school; and any pupil who will not conform to and obey such rules may be suspended or expelled therefrom by the board of trustees. Said board of trustees shall make all necessary rules and regulations in regard to the age and grade of attainments necessary to entitle pupils to admission into the school, and shall on or before the tenth day of July of each year make an apportionment between the different school corporations of the county, of the pupils that shall attend said school, and shall apportion to each of said school corporations its proportionate number, based upon the number of pupils that can be reasonably accommodated in said school, and the number of pupils of school age, actual residents of such school corporations, as shown by the county superintendent's report last filed with the county auditor of said county; said apportionment shall be published in the official papers of such county, to be paid for as other county printing; pupils from the said school corporations to the number so designated in such apportionment shall be entitled to admission into said school, tuition free, and none others, and it shall be unlawful to accredit pupils so attending to any

other school corporation than the one in which they are
enumerated for school purposes. Should there be more
applicants for such admission from any school corporation
than its proportionate number, so determined, then the board
of directors of such school corporation shall designate which
of said applicants shall be entitled to so attend. If the school
shall be capable of accommodating more pupils than those
attending under such apportionment, others may be admitted
by the board of trustees, preference at all times being given
to pupils desiring such admission, who are residents of the
county. The board of trustees shall fix reasonable tuition for
such pupils. If such pupils are residents of the county, the
school corporation from which they attend shall pay their
tuition out of its contingent fund. The principal of such high
school shall report to the said board of trustees under oath, at
the close of each term, the names and number of pupils attend-
ing such school during said term, from what school corporation
they attended, and the amount of tuition, if any, paid by
each, the same to be included in the annual report of the
secretary of the board of trustees to the board of supervisors,
provided for in section twenty-seven hundred thirty-one of the
Code, the tuition so paid to be turned over to the treasurer
of the board of trustees to be used in paying the expense of
said school under the direction of said board.''

Under the apportionment actually made under this sec-
tion, the Rural Independent School District of Long Branch
was entitled to send two students, tuition free. More might-
be received if the school were capable of accommodating them
and such appears to have been its condition; for its apportion-
ment was on the basis of an attendance of 300, whereas there
was an average attendance of but 160, and if received, the
tuition was payable by the district of the pupil's residence.
Attendance at the County High School then was available to
defendants' children, tuition free, and so because of their
residence in the Rural Independent School District of Long
Branch. This was ''offering a four-year high school course''

by it within the meaning of the statute. According to Webster's Dictionary, to "offer" means to "present for acceptance or rejection; to hold out; tender, proffer." The Century Dictionary defines the word as meaning: "To bring out or put forward; present to notice, hold out to notice or for acceptance . . . To present itself; come into view or be at hand; as an opportunity now offers." The Standard Dictionary: "To tender, present or bring before one for acceptance or rejection, hence to bring forward or into notice in general. . . . to present itself; appear or be at hand, as when the opportunity offers." Here the opportunity of attending the county high school was offered the pupils of school age residing in that district and it was by virtue of their residence therein, and as the district was a part of the territory organized for the maintenance of a county high school, the benefits thereof were offered by it to such pupils as may have established their residence therein. All that any school district can do, even though maintaining a high school within its territorial limits, is to afford the opportunity to attend such school. This offers to the pupils the course of study prescribed —precisely as that of the county high school is offered. One is available by reason of residence in the district maintaining the school; the other because of the district lying within a county maintaining the high school. One is offered directly, the other indirectly, and either may be accepted or rejected.

The Rural Independent School District of Long Branch, as it, through the county high school, actually offered a four-year high school course to pupils residing therein, was not "a school corporation not offering a four-year high school course," as the district court rightly held, and its judgment exacting payment of tuition from the plaintiff was right and is—*Affirmed*.

WEAVER, EVANS and PRESTON, JJ., concur.